PEARSON, Judge.
This appeal is by the State of Florida. It seeks the reversal of a final order granting appellee’s motion to dismiss an information charging him with the unlawful possession of marijuana. The trial judge dismissed the charge upon the ground that appellee’s previous conviction in the City of Miami municipal court upon the charge of “Being under the influence of Alcohol or Drugs” rendered the prosecution for “possession of marijuana” illegal because it constituted double jeopardy. The trial judge based his decision entirely upon the law as recently enunciated by the Supreme Court of the United States in Waller v. State of Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).
In the cited opinion the Supreme Court of the United States vacated a judgment of the District Court of Appeal of Florida, Second District. The Supreme Court found the facts to be that the petitioner-defendant had been convicted in a municipal court of the violation of two ordinances forbidding: first, destruction of city property, second, disorderly breach of peace. Petitioner was thereafter convicted of grand larceny in the state court. The Supreme Court considered the express assumption made by the District Court of Appeal that the felony charge was based upon the same acts of the appellant as *912 were involved in the violation of the two city ordinances. Thereupon the Supreme Court of the United States held:
“We decide only that the Florida courts were in error to the extent of holding that — even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.”
The court vacated the felony conviction and remanded the cause to the District Court of Appeal of Florida, Second District, for further proceedings.
As we understand the effect of this holding it is that the decision of the Supreme Court of Florida in Hilliard v. City of Gainesville, Fla.1968, 213 So.2d 689 is no longer the law of this state insofar as it stated:
“Long ago it was decided that an act committed within municipal limits may be punished by city ordinance even though the same act is prescribed as a crime by a state statute. An offender may be tried for the municipal offense in the city court and for the crime in the proper state court. Conviction or acqui-tal does not bar prosecution in the other.”
The holding of the Supreme Court of the United States in Waller v. Florida, supra, does not change the other basic characteristics of a plea of former jeopardy. The essentials of the plea as stated in King v. State, 145 Fla. 286, 199 So. 38 (1940) are not, in our opinion, in conflict with the holding in Waller v. Florida, supra. These essentials are:
“ * * * (1) that there was a former prosecution in the same State for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; (4) that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar.” 199 So. 40.
The result seems to be that “(3) that the parties are identical in the same prosecution” is qualified by the holding that a municipal court in Florida is a state court or at least as a part of the state’s court system becomes a state court so that a prosecution by a city and by the state is by an “identical party”. The other essentials apparently remain.
We turn then to an examination of the facts in the present case to see if the prosecution by the city as a part of the state’s court system meets the other requirements of a predicate for the plea of former jeopardy. We reach the conclusion that they do not. First, the prosecution in the city court was not for the same offense. In the city court the appellee was convicted of “Being under the influence of Alcohol or Drugs.” The state seeks to prosecute him for the crime of “unlawful possession of a narcotic drug, to wit, marijuana.” There may be some connection between the crimes but it cannot be said that they are “the same acts”. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); State v. Jackson, Fla.App.1971, 248 So.2d 663; Glaze v. State, Fla.App.1971, 249 So.2d 742 [First District opinion filed January 22, 1971]. Second, the particular offense on which it is claimed that jeopardy attached was not such an offense as to constitute a bar. It cannot be said that being under the influence is a necessarily included offense of the possession of marijuana. Nor is possession necessarily included in a charge of being under the influence. Therefore we believe that it can be said that the appellee is now charged with an offense not embraced within the charges against him in the municipal court. See Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, footnote 6 at 440.
The order discharging appellee is reversed and the cause remanded for further proceedings.
Reversed and remanded.