PER CURIAM.
The State of Florida appeals an order of the circuit court vacating a final judgment in an appearance bond forfeiture proceeding.
Defendant, James Clifford Lampley, was arrested and charged with unlawful possession of marijuana and with being under the influence of alcohol or drugs. Defendant was released on bail, tried and convicted in municipal court of being under the influence of alcohol or drugs. Subsequently, defendant was brought to trial in the criminal court for the charge of unlawful possession of marijuana, but the information was dismissed as being duplicitous. Following this dismissal, defendant’s collateral was released by the appellee surety and he left the state. The state appealed the dismissal of the information, and the District Court of Appeal reversed and remanded. See State v. Lampley, Fla.App.1971, 250 So.2d 911. Subsequently, the defendant failed to appear at the renewed proceeding and the criminal court ordered the bail bond forfeited, which forfeiture was reduced to final judgment by the circuit court. Ap-pellee surety filed a motion to vacate the final judgment of forfeiture and discharge of the appearance bond, which was granted and the state appeals.
On appeal the state urges that the trial court erred in vacating the final judgment of forfeiture and discharge of the appearance bond because the surety had not fulfilled its obligation, and the defendant was not returned to the jurisdiction of the trial court. The trial court did not, following the dismissal of the information, order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment, information or affidavit as provided in CrPR 3.190(e), 33 F.S.A. Therefore, we hold that pursuant to F.S. § 924.19, F.S.A. appellant’s argument must fail. F.S. § 924.19, F.S.A., reads as follows: “When *784 operation of order m favor of defendant not stayed. — An appeal by the state shall not stay the operation of an order in favor of the defendant except as provided in § 924.-071(2), or when the appeal is from an order granting a new trial.”
Accordingly, when the information against defendant was dismissed the burden was upon the state to move the trial court to keep the existing bail bond in force and effect. The trial court did not abuse its discretion in vacating the judgment of forfeiture in the absence of such affirmative action by the state.
The decision of the court below must be and hereby is affirmed.
Affirmed.