318 So.2d 554 (1975)
ACCREDITED SURETY AND CASUALTY COMPANY, INC., Appellant,
v.
STATE of Florida, Appellee.
No. X-12.
District Court of Appeal of Florida, First District.
September 23, 1975.
James L. Harrison, Harrison & Finegold, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from an order denying appellant's motion to vacate and set aside a bond forfeiture and to discharge surety. Appellant posted a bond to insure the appearance of one James Spalding to answer charges of uttering a forged instrument and possession of stolen property. Spalding appeared in court on a number of occasions in relation to the charges and ultimately appeared on June 24, 1974, and pled guilty to uttering a forged instrument. The court ordered a presentence investigation and deferred sentencing until July 19, 1974. Spalding appeared on July 19 but sentencing was deferred until August 5. On August 5 Spalding failed to appear. Pursuant to the court's order, appellant was notified that the bond would be estreated on August 9 unless Spalding was produced. Spalding failed to appear on August 9 and the court entered an order of forfeiture. Appellant subsequently filed a motion to vacate and set aside the forfeiture *555 and to discharge surety which motion was denied.
Appellant contends that the court erred in failing to grant its motion; that Spalding's conviction occurred when he pled guilty on June 24, 1974, thereby satisfying the conditions of the bond; and that the trial judge should have then canceled the bond. Appellant points out that § 903.31, Florida Statutes, sets forth the conditions under which an order canceling a bond shall be entered by the court as follows:
"When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled. Conviction or acquittal of the defendant will satisfy a bond unless the court otherwise provides in the judgment."
Appellant cites State v. Barnes, 24 Fla. 153, 4 So. 560 (1888), for the proposition that the word "conviction" is used in different ways with different meanings under the law and that its meaning must be found in the context in which it is used. In that early case the Supreme Court was construing the word in connection with a county solicitor's entitlement to fees for convictions. It stated that "in its ordinary sense, and perhaps technically correct sense," conviction means the ascertainment of the guilty of a party either by a plea of guilty or by the verdict of a jury. The court also referred, however, to numerous other authorities holding that the judgment or sentence is a necessary component part of a conviction; "that the use of a word in a constitution or statute or judicial decisions may be in such connection as to show that judgment or sentence was to be included in it." The court held that under the statute there being construed, a sentence of the court was necessary to the county solicitor's entitlement to a conviction fee.
Appellant argues that forfeitures are not favored at law and a statute providing for forfeiture must be strictly construed; that the term "conviction" should be construed in favor of the party upon whom a burden is placed by the law. Although appellant concedes that a number of more recent opinions of the Florida Supreme Court hold that a conviction necessarily includes an adjudication of guilt,[1] the appellant contends that as used in § 903.31, supra, it does not mean adjudication of guilt; that after a plea or verdict of guilty the probability of a defendant's leaving the jurisdiction of the court in order to escape punishment for an offense is considerably greater; that his increased risk to the surety would constitute such a change of conditions as to make the contractual agreement unconscionable by the burden placed upon the surety.
There has been considerable evolvement of the criminal law since the Supreme Court's 1888 opinion in Barnes, supra. In more recent years, the Supreme Court and appellate courts have consistently held that a verdict or plea of guilty is not a conviction; that conviction requires a judgment of conviction  an adjudication of guilt. (See cases previously cited.) In this connection, Rule 3.670, F.R.Cr.P., provides as follows:
"If the defendant is found guilty, a judgment of guilty, and, if he has been acquitted, a judgment of not guilty, shall be rendered in open court and in writing, signed by the judge, filed, and recorded. However, the judge may withhold such adjudication of guilt if he places the defendant on probation.
When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation or revokes *556 probation, he shall forthwith inform the defendant concerning his rights of appeal therefrom, including the time allowed by law for taking an appeal."
Rule 3.650, F.R.Cr.P., provides:
"The term `judgment' means the adjudication by the court that the defendant is guilty or not guilty."
Rule 3.690, F.R.Cr.P., provides:
"When a judgment of not guilty is entered, the defendant, if in custody, shall be immediately discharged therefrom unless he is in custody on some other charge; if he is at large on bail, his surety shall be exonerated and if money or bonds have been deposited as bail, such money or bonds shall be refunded." (emphasis supplied)
The foregoing rule makes it clear that the court's judgment of not guilty exonerates the surety and not the verdict of not guilty.
Reverting back to the intent of § 903.31, supra, as to the meaning of the term "conviction" in the context there used, the last sentence of that previously quoted statute says:
"... Conviction or acquittal of the defendant will satisfy a bond unless the court otherwise provides in the judgment." (emphasis supplied)
The judgment referred to in the above emphasized phrase can only mean the judgment of conviction  the adjudication of guilt (or the judgment putting the accused on probation if adjudication of guilt is withheld). A plea or verdict is not a judgment. It would be incongruous to say that the court could provide in the judgment that the bond is not satisfied if it had already been automatically discharged.
In addition, under Rule 3.130, F.R.Cr.P., all persons in custody for the commission of a noncapital offense are entitled to be admitted to bail before conviction as a matter of right. After conviction under Rule 3.691, F.R.Cr.P., a person is not entitled to be admitted to bail as a matter of right pending review of the conviction, but his admission to bail is within the discretion of the court. Under said rule, admission to bail pending review of the conviction, applies to persons who have been adjudicated guilty of the commission of an offense. There can be no review until judgment is entered. Thus, the breakpoint between the time when one charged with a crime is entitled to bail as a matter of right and one who is entitled to bail in the discretion of the court is the adjudication of guilt. That is the point at which he has been convicted. A person who has been found guilty by verdict or had pled guilty may be placed on probation under Rule 3.790, F.R.Cr.P., without being adjudicated guilty. The obvious purpose of this is to give such a person an opportunity to become rehabilitated and to protect him against a blemished record of conviction in the process. If we were to rule that he was convicted when he was found guilty by verdict or pled guilty, the withholding of an adjudication of guilt in placing him on probation would be a meaningless gesture. Obviously, he is not convicted until the court makes an adjudication of guilt  a judgment of conviction.
We cannot agree with appellant that an increased risk to the surety after a plea or verdict of guilty would constitute such a change of conditions as to make the contractual agreement unconscionable by the burden placed upon the surety. Were the surety to be discharged before an adjudication of guilt, such would create a hiatus in that it would create a period of time after guilty verdict or guilty plea and before adjudication of guilt (a judgment of conviction) in which a person charged with *557 a crime would be entitled to bail as a matter of right but whose bond had been automatically discharged previously.
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.
NOTES
[1] Daughtrey v. State, 46 Fla. 109, 35 So. 397 (1903); Smith v. State, 75 Fla. 468, 78 So. 530 (1918); Weathers v. State, Fla., 56 So.2d 536 (1952), and Delta Truck Brokers, Inc. v. King, Fla., 142 So.2d 273 (1962).