410 So.2d 627 (1982)
The AMERICAN DRUGGISTS' INSURANCE COMPANY, Appellant,
v.
STATE of Florida and Rose Bubucha, Appellees.
No. 80-1122.
District Court of Appeal of Florida, Second District.
March 3, 1982.
Philip N. Hammersley of Trawick & Griffis, P.A., Sarasota, for appellant.
*628 Patrick T. Maguire, Asst. County Atty., Clearwater, for appellees.
OTT, Judge.
Appellant posted four $5,000 bail bonds for a client who had been charged with various crimes. Each bond contained this notation on its face: "This bond not valid for presentence investigation unless authorized by Surety."
The client later appeared and entered pleas of nolo contendere to each charge, whereupon the court withheld adjudication, ordered a presentence investigation, continued the matter for sentencing, and let the client remain at liberty on the same bail bonds. Appellant's authorization for this action was not obtained. When the client failed to appear for sentencing, the court forfeited the bonds.
Appellant contends that the bonds were automatically canceled when the lower court failed to obtain proper authorization as provided in the agreement. For the following reasons, we disagree and affirm the actions of the lower court.
At the time of the proceedings below, section 903.31, Florida Statutes (1979), read as follows:
When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled. Conviction or acquittal of the defendant will satisfy a bond unless the court otherwise provides in the judgment. (Emphasis added.)
The 1970 Legislative Committee comment to this section found at Ch. 70-339, § 36, Laws of Fla., provides:
The ... section makes conviction or acquittal satisfaction of all undertakings rather than limiting it to those written by bondsmen... .
Subsequently, Accredited Surety and Casualty Co., Inc. v. State, 318 So.2d 554 (Fla. 1st DCA 1975), held that the words "conviction" (or acquittal) required the entry of an order of adjudication of guilt (or innocence) and was not met by the mere entry of a guilty plea or return of a jury verdict.
Thereafter, in 1980, the statute was amended to read as follows:
When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled. An adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond. The original appearance bond shall not be construed to guarantee deferred sentences, payment of fines, or attendance at educational or rehabilitation facilities the court otherwise provides in the judgment. (Emphasis added.)
We construe this statute to mean that a bond can only be automatically canceled as a matter of law when there is either an adjudication of guilt or innocence. This achieves a desired goal of uniformity and helps preserve the function of bail which is to secure the attendance of the accused to answer the charge against him.
A terminating provision such as the one sub judice may have some efficacy, at least as between the client and bonding company, but we conclude that it does not effect an automatic termination of the bond obligation to the state, or the court. We feel that a bail bondsman has an obligation to be present in court and produce his client whenever the condition is satisfied or the case is up for further consideration or disposition. The bonding company or bondsman must apprise the court of any special condition or objection to continuation of the bond. An order of discharge must be obtained on the satisfaction of all bond conditions or restrictions other than those specifically approved in section 903.31, Florida Statutes (1981). The court may impose reasonable requirements before entering such order of discharge as, for example, the production of the accused before the court.
The judgments of estreature are AFFIRMED.
SCHEB, C.J., and RYDER, J., concur.