PEARSON, TILLMAN (Ret.), Associate Judge.
The questions presented by this appeal are whether the conditions of bail bonds have been materially altered upon the State’s election to prosecute a different information filed against the defendant in a different county and whether the subsequent dismissal of the substituted information discharged the bondsmen where the State did not move the Court to keep the bond in effect, but upon appeal the dismissal was reversed and the cause remanded. Upon the entry of a final judgment of estreature against the individual bondsmen, this appeal followed.
Barry Barnes was arrested in Liberty County, Florida, and charged on November 8, 1979, in Count I, with conspiracy to possess and deliver more than 100 pounds of cannabis, a violation of Sections 777.04 and 893.03(l)(c), Florida Statutes, carrying a minimum mandatory sentence of three-years incarceration and a fine of $25,000, and, in Count II, with delivery of more than 100 pounds of cannabis, a violation of Section 893.13(l)(a)2, Florida Statutes. Bond was set at $300,000. On November 13, 1979, Barnes pleaded not guilty. The next day, his bond was reduced to $100,000. Appearance bonds were posted by four private sureties, appellants herein, in the following amounts: Willie L. Williams posted personal property valued at $7,980; I.L. Hosford posted property worth $3,020; Edward Annice Williams posted property worth $26,000; and Terrell E. Yon posted property worth $63,000.
On December 21, 1979, a multi-defendant information was filed in Leon County, Flor *812 ida, charging Barry Barnes, in Count I, with conspiracy to possess and deliver more than 10,000 pounds of cannabis, a violation of Sections 777.04 and 893.-135(l)(a)3, Florida Statutes, carrying a mandatory minimum sentence of 15-years incarceration and a fine of $200,000, and, in Count II, with delivery of more than 10,000 pounds of cannabis, a violation of Section 893.13, Florida Statutes.
On January 31, 1980, an Assistant State Attorney for Liberty County, Hal S. Richmond, appeared before the Liberty County Circuit Court and represented to the Court that he had spoken with Barry Barnes’ attorney and informed him of the charges in Leon County, that he and Barnes’ attorney agreed the trial and jurisdiction would lie in Leon County, and that Barnes’ attorney requested that the bond posted on the Liberty County charges be transferred to Leon County for those charges. He stated further: “I’ll pass on this case and leave it pending. Should Mr. Barnes fail to appear in Leon County, this bond would be estreat-ed if he fails to appear subsequently.” Neither Barry Barnes nor his attorney were present at these proceedings. The record does not show an order for the defendant or his bondsmen to appear on that date. Barnes’ attorney, Steadman S. Stahl, Jr., denied having such a conversation with the Assistant State Attorney. The sureties were not apprised of the Leon County charges or the alleged transfer of the bond.
Proceedings in the Leon County case followed. On May 30, 1980, an order was entered dismissing the charges and declaring Section 893.135, Florida Statutes, unconstitutional. Thereafter, on June 11, 1980, the State filed a notice of interlocutory appeal to the First District Court of Appeal. The trial court, upon entering the order of dismissal, did not enter an order that defendant be held in custody or admitted to bail for a reasonable time pending further proceedings, such as is mentioned in Fla.R.Crim.P. 3.190(e). On October 13, 1981, the appellate court reversed the trial court, declaring Section 893.135 constitutional and remanding the case for further proceedings. The Clerk of the Court for Leon County sent a notice to the bondsmen dated April 27,1982, directing them to have Defendant Barnes in the Circuit Court of Leon County on Monday, May 3, 1982, at 9:00 a.m. He did not appear then or on the trial date of May 5, 1982. Hence, the motion to estreat the bonds. The bonds were estreated to Leon County. A final judgment was entered, and this appeal followed.
The appeallants rely upon the contractual principle that a surety’s liability is limited by the terms of his undertaking and it is not to be extended by implication. Robinson v. Epping, 24 Fla. 237, 4 So. 812 (1888); All Florida Surety Company v. State, 78 So.2d 89 (Fla.1955).
The appellee urges that a change of venue does not modify the terms of the appearance bond and that a bail bond is concluded when it no longer appears necessary to look to the surety to guarantee the appearance of the accused at subsequent court proceedings on the particular charges covered by the bond. Wiley v. State, 451 So.2d 916 (Fla. 1st DCA 1984). But it is clear that we do not have a change of venue in this case because the case in Liberty County was left pending. What we have is at best an agreement between counsel to go forward with the charges in Leon County instead of on the charges in Liberty County.
The trial judge in a lucid opinion recognized that the decision in State v. Lampley, 271 So.2d 783 (Fla. 3d DCA 1973), would indicate the discharge of the sureties in this case but held that the later case of Accredited Surety and Casualty Co., Inc. v. State, 318 So.2d 554 (Fla. 1st DCA 1975) required a holding that the bonds be forfeited. In Lampley, the defendant was released on bail, tried and convicted in the municipal court for being under the influence of alcohol or drugs. Subsequently, defendant was brought to trial in the Criminal Court on the charge of unlawful possession of marijuana, but the information was dismissed as being duplicitous. The *813 State appealed the dismissal and the District Court of Appeal reversed and remanded. Subsequently, the defendant failed to appear at the renewed proceedings and the Court ordered the bail bond forfeited. The forfeiture was reversed upon the holding:
The trial court did not, following the dismissal of the information, order that defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment, information or affidavit as provided in CrPR 3.190(q), 33 F.S.A. Therefore, we hold that pursuant to F.S. 921.19, F.S.A. appellant’s argument must fail_ Accordingly, when the information against defendant was dismissed the burden was on the state to move the trial court to keep existing bail in effect....
271 So.2d at 783, 784.
In Accredited Surety and Casualty Company v. State, the defendant absconded after pleading guilty but prior to a formal adjudication of guilt. The Court held that the bail bond was not discharged by the defendant’s guilty plea, but that a judgment of the court was necessary. The forfeiture was affirmed. See also The American Druggist Insurance Company v. State, 410 So.2d 627 (Fla. 2d DCA 1975).
We hold that the holding in Accredited Surety and the holding in American Druggist are not inconsistent with the law as set forth in State v. Lampley, supra, and that the dismissal of the information was a judgment of the Court which, in the absence of further order of the Court relative to the bond, discharged the sureties in the instant case. Having reached that conclusion, it is not necessary for us to determine whether there was a lawful transfer of the bonds from Liberty to Leon County. Further, it is not necessary for us to determine whether the differences in the charges in the two counties constituted a change in the conditions of the bonds.
REVERSED and REMANDED with directions to dismiss the motion for estrea-ture with prejudice.
BOOTH, C.J., and SMITH, J., concur.