578 So.2d 746 (1991)
STATE of Florida, Appellant,
v.
Richard M. FISHER, Appellee.
No. 90-01316.
District Court of Appeal of Florida, Second District.
March 27, 1991.
Rehearing Denied May 8, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
William C. Gregg, III of William C. Gregg, III Chartered, Clearwater, for appellee.
PER CURIAM.
The state appeals an order setting aside a bond estreature. We reverse.
The trial judge was persuaded that this court's decision in American Druggists' Insurance Company v. State, 410 So.2d 627 (Fla.2d DCA 1982), and the first district's decision in Accredited Surety and *747 Casualty Company, Inc. v. State, 318 So.2d 554 (Fla. 1st DCA 1975), had been rendered inapplicable by amendments in 1980 and 1986 to section 903.31, Florida Statutes. We disagree and find that both American Druggists' and Accredited Surety are both still applicable interpretations of section 903.31, Florida Statutes (1987).
In this case, Accredited Surety and Casualty Company bonded the defendant, Richard Fisher, for his appearance on charges of two counts of capital sexual battery. Fisher subsequently pled guilty to amended counts of attempted sexual battery. Adjudication was withheld until sentencing, which was continued until a later date, and Fisher was continued on the bond. No presentence investigation was requested as there was an agreed-upon plea-bargained sentence. Fisher failed to appear for sentencing and his bond was ordered estreated. Subsequently, upon motion for rehearing, the bond estreature was set aside by the trial judge who determined that section 903.31 precluded any liability on Fisher's original appearance bond because it could not be construed to guarantee "deferred sentences." In this case, Fisher had not received a "deferred sentence" but had had his sentencing deferred until a later sentencing hearing. Since there had been no adjudication of guilt and no sentence imposed, the bond had not been satisfied or cancelled and was subject to estreature for Fisher's failure to appear for sentencing.
Reversed and remanded for treatment consistent with this opinion.
CAMPBELL, A.C.J., and PARKER and ALTENBERND, JJ., concur.