595 So.2d 183 (1992)
James I. BATTLES, d/b/a Battles Bail Bonds, Appellant,
v.
STATE of Florida, Appellee.
No. 91-352.
District Court of Appeal of Florida, First District.
February 25, 1992.
Dennis A. Barbarisi, Ft. Walton Beach, for appellant.
Robert A. Butterworth, Atty. Gen., for appellee.
John R. Dowd, Shalimar, for amicus curiae Okaloosa County.
KAHN, Judge.
Battles, a bail bondsman in Shalimar, appeals an order of the circuit court refusing *184 to set aside a bond estreature. This matter arises out of the criminal prosecution of William Brian Dorsey. Mr. Dorsey, charged with possession of cocaine, grand larceny, and violation of probation, sought and obtained a general surety appearance bond from Battles in the amount of $7500. The bond contains the following language: "This bond is not valid for presentence investigation, pretrial intervention or countermeasure program unless specifically authorized by surety." On December 27, 1989, Mr. Dorsey appeared in circuit court and entered a plea of nolo contendere to the pending charges. The court accepted the plea and ordered a presentence investigation. Dorsey failed to appear for sentencing on April 27, 1990, and the trial judge ordered estreature of the bond. Battles then moved for discharge of the estreature order, arguing that the bond itself, as well as certain limiting language in § 903.31, Florida Statutes (Supp. 1986), prohibit the use of the original appearance bond as a guarantee for the defendant's appearance at a presentence investigation, pretrial intervention program, or appearance for appeal.
The statutory provision relied upon by Battles, as amended by the Chapter 86-151, Laws of Florida, reads as follows:
903.31 Cancelling the bond  Within 10 business days after the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled and, if the surety has attached a certificate of cancellation to the original bond, shall furnish an executed certificate of cancellation to the surety without cost. An adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond. The original appearance bond shall not be construed to guarantee deferred sentences, (appearance during or after a presentence investigation, appearance during or after appeals, conduct during or appearance after admission to a pretrial intervention program),[1] payment of fines, or attendance at education or rehabilitation facilities the court otherwise provides in the judgment.
Relying upon the statutory enactment, and the limited language in his bond, Battles argues that Mr. Dorsey's appearance and entry of a plea of nolo contendere satisfied the requirements of the bond. Our view of the statute and the relevant case law is contrary to that advanced by Battles, and accordingly we affirm the bond estreature.
In Accredited Surety and Casualty Co., Inc. v. State, 318 So.2d 554 (Fla. 1st DCA 1975), this court held that the conditions of a bail bond were not met by the mere entry of a guilty plea or return of a jury verdict. Rather, the entry of an order of adjudication of guilt or innocence would be required. The court decided Accredited Surety under a previous version of the statute now at issue.
Several years later in American Druggists' Ins. Co. v. State, 410 So.2d 627 (Fla. 2d DCA 1982), the court was confronted with a bail bond provision stating, "this bond not valid for presentence investigation unless authorized by surety." The defendant appeared and entered a nolo plea, whereupon the court withheld adjudication, ordered a presentence investigation and continued the matter for sentencing, authorizing the defendant to remain at liberty on the original bail bond. When the defendant failed to appear for sentencing, the court forfeited the bond posted by American Druggists'. The Second District followed this court's earlier holding in Accredited Surety and concluded that the mere provision of certain language in the bond, while it may have some efficacy as between the criminal defendant and the bonding company, does not effect an automatic termination of the bond obligation to the state, or to the court.
In 1986 the legislature amended § 903.31 to provide that the original appearance bond shall not be construed to guarantee "appearance during or after a presentence investigation, appearance during or after appeals, (or) conduct during or *185 appearance after admission to a pretrial intervention program ... the court otherwise provides in the judgment." Thus, even though the statute has been amended, the entry of judgment is still required as a predicate to satisfaction of the bail bond. Indeed, the Second District has expressly held that Accredited Surety and American Druggists' retain their vitality under the current version of § 903.31. State v. Fisher, 578 So.2d 746 (Fla. 2d DCA 1991). Entry of a nolo contendere plea is not tantamount to a judgment so as to satisfy the condition of an appearance bond.
Appellant urges us to construe Chapter 86-151, Laws of Florida, by reference to legislative intent. In support of this position, appellant directs us to the Senate Staff Analysis and Economic Impact Statement, Judiciary-Criminal Committee, Bill No. SB1175, revised May 19, 1986, and the Senate Staff Analysis and Economic Impact Statement, Commerce Committee, Bill No. SB1175, revised May 25, 1986. In each of these statements, Senate staff made the following observation with regard to the proposed amendment to the statute:
The bill would not allow the original bond to be used as a guarantee for appearance for a presentence investigation, a pretrial intervention program, or appearance for appeal... .
Appellant goes on to argue that the applicable rule of statutory construction would require us to give effect to the intention of the legislature. This is undoubtedly a correct statement which would control a court engaging in statutory construction. We believe, however, that the decision of our supreme court in Shelby Mutual Ins. Co. v. Smith, 556 So.2d 393 (Fla. 1990), restricts us from venturing into legislative history in the present case.
Shelby Mutual involved construction of § 627.727(3), Florida Statutes (1985). In 1984, the legislature amended § 627.727(1) to provide that uninsured motorist (UM) insurance coverage would be available to cover the difference between the total amount of liability insurance benefits available and the total damages sustained by the UM insured, up to the maximum amount of uninsured motorist coverage provided. The legislative staff analysis pertinent to the amendment clearly established that the legislature intended to provide that all uninsured motorist insurance would be excess UM coverage no matter how much liability insurance applied. Shelby Mutual Insurance Co., supra, at 398 (Shaw, J., dissenting). It turned out, however, that the legislature failed to amend § 627.727(3) which had for many years defined the term "uninsured motor vehicle" as an insured motor vehicle whose liability insurer has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage. Thus, although the 1984 amendment clearly sought to make all uninsured motorist coverage excess coverage, the legislature left intact the old definition of uninsured motor vehicle, which required a situation in which the tortfeasor's liability insurance was less than the applicable uninsured motorist coverage. The supreme court refused to construe the 1984 amendment to provide the result intended by the legislature:
The district court of appeal supported its conclusion by reference to a legislative staff analysis concerning the enactment of the 1984 amendment. Following the 1982 amendment, insurers were required to provide traditional UM coverage and also excess and underinsured motor vehicle coverage. According to the legislative staff analyses of both the Senate and the House of Representatives, the 1984 amendment was designed to combine these coverages into a single form of UM coverage which would be excess underinsured motorist coverage. From examples given within the text of these analyses, it is clear that the authors intended that the 1984 amendment would create the result urged by Smith in this case.
However, we believe the court below misconstrued the language of the statute itself, thereby rendering superfluous what the legislative staffs may have intended. The plain meaning of statutory *186 language is the first consideration of statutory construction. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982). Only when a statute is of doubtful meaning should matters extrinsic to the statute be considered in construing the language employed by the legislature. Florida State Racing Comm'n v. McLaughlin, 102 So.2d 574 (Fla. 1958). Courts may look to legislative history only to resolve ambiguity in a statute. Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983).
556 So.2d at 395.
In the instant case, the presentence investigation was not provided in the judgment; it was merely ordered after the defendant entered his nolo contendere plea. Accordingly, we affirm the order appealed. We recognize, however, that the issue here is of importance throughout the state. We therefore certify the following question to the Florida Supreme Court:
UNDER SECTION 903.31, FLORIDA STATUTES (Supp. 1986), IS THE CONDITION OF AN APPEARANCE BOND SATISFIED WHEN THE COURT ACCEPTS A PLEA OF GUILTY OR NOLO CONTENDERE, BUT ENTERS NO JUDGMENT, AND PASSES THE CASE FOR SENTENCING UNTIL THE COMPLETION OF THE PRESENTENCE INVESTIGATION?
BOOTH, J., concurs.
WOLF, J., dissents with written opinion.
WOLF, Judge, dissenting
The decision of the majority which provides that original appearance bonds shall remain effective during a period where the court has ordered a presentence investigation (usually after a finding of guilt or entry of a plea) makes a lot of sense in respect to paperwork, judicial and clerical economy, and in terms of not requiring additional expense to be incurred by a defendant (in many cases the person who can least afford additional expense) in securing an additional bond. This court, however, is not the Legislature and should not alter or ignore clear statutory language. Steinbrecher v. Better Constr. Co., 587 So.2d 492 (Fla. 1st DCA 1991). Section 903.31, Florida Statutes (Supp. 1986), clearly states "original appearance bonds shall not be construed to guarantee ... appearance during or after a presentence investigation... ." I therefore dissent.
NOTES
[1] The language in parentheses is that added in 1986.