HERSEY, Judge.
This single issue appeal poses the question whether, under section 903.31, Florida Statutes (1989), the condition of an appearance bond is satisfied when the court accepts a plea of guilty or nolo contendere, but enters no judgment, and passes the case for adjudication and sentencing until the completion of the presentence investigation. A very similar question was certified to the Florida Supreme Court in Battles v. State, 595 So.2d 183, 186 (Fla. 1st DCA 1992).
We agree with the rationale employed by the Battles court and affirm the order of the trial court here, which forfeited a surety bond under circumstances almost identical to those presented by the certified question in Battles.
The Battles court explained its holding as follows:
In 1986 the legislature amended § 903.31 to provide that the original appearance bond shall not be construed to guarantee “appearance during or after a presentence investigation, appearance during or after appeals, (or) conduct during or appearance after admission to a pretrial intervention program ... the court otherwise provides in the judgment.” Thus, even though the statute has been amended, the entry of judgment is still required as a predicate to satisfaction of the bail bond. Indeed, the *613 Second District has expressly held that Accredited Surety [& Casualty Co. v. State, 318 So.2d 554 (Fla. 1st DCA 1975)] and American Druggists’ [Ins. Co. v. State, 410 So.2d 627 (Fla. 2d DCA 1982) ] retain their vitality under the current version of § 903.31. State v. Fisher, 578 So.2d 746 (Fla. 2d DCA 1991). Entry of a nolo contendere plea is not tantamount to a judgment so as to satisfy the condition of an appearance bond.
595 So.2d at 184-85 (emphasis added).
In the present case, rather than a plea of nolo contendere there was a plea of not guilty, followed by a nonjury trial. As in Battles, however, adjudication was withheld and sentencing passed until the pre-sentence investigation could be completed. When appellee, Barrett, failed to appear for a scheduled sentencing, the condition for forfeiture had been met. Thus, the bond was properly forfeited and we affirm.
AFFIRMED.
GLICKSTEIN, C.J., and STONE, J., concur.