634 So.2d 1083 (1994)
POLAKOFF BAIL BONDS, etc., et al., Petitioners,
v.
ORANGE COUNTY, Florida, etc., Respondent.
No. 81763.
Supreme Court of Florida.
April 14, 1994.
Mark E. NeJame and Stuart I. Hyman of NeJane & Hyman, P.A., Orlando, for petitioners.
Joseph L. Passiatore, Asst. County Atty., Orange County Attorney's Office, Orlando, for respondent.
KOGAN, Justice.
We have for review Polakoff Bail Bonds v. Orange County, 617 So.2d 378 (Fla. 5th DCA 1993), in which the Fifth District *1084 Court of Appeal certified the following question as being of great public importance:
UNDER SECTION 903.31, FLORIDA STATUTES (1991), IS THE CONDITION OF AN APPEARANCE BOND SATISFIED WHEN THE COURT ACCEPTS A PLEA OF GUILTY AND ENTERS A FINDING OF GUILT, BUT WITHHOLDS ADJUDICATION AND JUDGMENT AND CONTINUES THE CASE FOR SENTENCING UNTIL THE COMPLETION OF THE PRESENTENCE INVESTIGATION?
617 So.2d at 379. We have jurisdiction[1] and answer the question in the negative.
This case arises out of an Orange County Circuit Court order denying a motion to set aside a bond estreature. Polakoff Bail Bonds (Polakoff), as surety for Rose Joseph (Joseph) and American Bankers Insurance, filed appearance bond agreements in the circuit court to ensure the appearance of Joseph in two criminal cases. Each bond agreement contained the following clause: "[t]his bond is not valid for pre-sentence investigation, pre-trial intervention or countermeasure program unless specifically authorized by surety." After filing the agreements, Joseph pled guilty, whereupon the court entered a finding of guilt with adjudication withheld, ordered a presentence investigation, and set a sentencing date.
On the scheduled sentencing date, Joseph failed to appear. In accordance with section 903.26, Florida Statutes (1991), Polakoff was notified that the surety bonds had been forfeited and payment was due within thirty-five days. Polakoff subsequently moved for, and the court granted, extensions of time to pay the forfeitures. On July 14, 1991, after the extensions had expired, the trial court entered an order denying Polakoff's motion to set aside estreature and toll payment of estreature. Polakoff appealed.
The Fifth District affirmed, rejecting Polakoff's contention that under section 903.31 and the terms of the appearance bonds, the trial court's entry of a finding of guilt with adjudication withheld pending a presentence investigation satisfied the conditions of the bonds. 617 So.2d at 379. Citing Battles v. State, 595 So.2d 183 (Fla. 1st DCA 1992) and State v. Fisher, 578 So.2d 746 (Fla. 2d DCA 1991), the court below held that "because there had been no adjudication of guilt, no imposition of sentence, and no final judgment or order entered concerning the disposition of Joseph's criminal charges, the bonds had not been satisfied and were subject to estreature for Joseph's failure to appear for sentencing." 617 So.2d at 379. We agree.
Polakoff proffers three somewhat interwoven arguments in support of its contention that the surety bonds were erroneously estreated. Polakoff first argues that according to the plain meaning of section 903.31, Florida Statutes (1991), the bonds were satisfied when the court ordered Joseph's presentence investigation. We agree that when a statute is clear and unambiguous, the plain meaning of the statute must be given effect. See, e.g., In re McCollam, 612 So.2d 572 (Fla. 1993); Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987); Holly v. Auld, 450 So.2d 217 (Fla. 1984). However, we disagree with Polakoff's reading of section 903.31.
The statute provides:
Within 10 business days after the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled and, if the surety has attached a certificate of cancellation to the original bond, shall furnish an executed certificate of cancellation to the surety without cost. An adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond. The original appearance bond shall not be construed to guarantee deferred sentences, appearance during or after a presentence investigation, appearance during or after appeals, conduct during or appearance after admission to a pretrial intervention program, payment of fines, or attendance at educational or rehabilitation facilities the court otherwise provides in the judgment.

(Emphasis added.) The second sentence of section 903.31 makes clear that the conditions of the bond shall be satisfied upon an adjudication of guilt or innocence. In equally plain language, the third sentence of the *1085 statute provides that the original appearance bond shall not guarantee an appearance during or after, among other things, a presentence investigation "the court otherwise provides in the judgment." We read this language to mean that, in the context of a presentence investigation, unless the trial court adjudicates a defendant guilty and provides for the presentence investigation within the judgment, the bond is not satisfied and the defendant must continue to appear at all subsequent proceedings to avoid forfeiture. Accord AAA Bail Bonds, Inc. v. State, 611 So.2d 612 (Fla. 4th DCA 1993); Battles v. State, 595 So.2d 183 (Fla. 1st DCA 1992); State v. Fisher, 578 So.2d 746 (Fla. 2d DCA 1991); Cf. American Druggists' Ins. Co. v. State, 410 So.2d 627 (Fla. 2d DCA 1982) (construing prior version of statute to require adjudication); Accredited Sur. and Casualty Co. v. State, 318 So.2d 554 (Fla. 1st DCA 1975) (same). This reading is consistent with section 903.045, Florida Statutes (1991), which explains the nature of a criminal surety bail bond as follows:
It is the public policy of this state and the intent of the Legislature that a criminal surety bail bond .. . shall be construed as a commitment by and an obligation upon the bail bondsman to ensure that the defendant appears at all subsequent criminal proceedings and otherwise fulfills all conditions of the bond. The failure of a defendant to appear at any subsequent criminal proceeding or the breach by the defendant of any other condition of the bond constitutes a breach by the bail bondsman of this commitment and obligation.
We also reject Polakoff's contention that the trial court was precluded from estreating the bonds because the agreements expressly excluded from their coverage Joseph's appearance for, among other things, presentence investigations. Such a provision in a bond agreement cannot relieve a bail bondsman of its obligation to the court to ensure the defendant's appearance in accordance with section 903.31. See American Druggists' Ins. Co., 410 So.2d 627 (similar limitation in bond agreement did not effect automatic termination of bond obligation to state and court); accord Cary & Co. v. Hyer, 91 Fla. 322, 107 So. 684 (1926) (all contracts are made subject to valid provisions of law pertaining to their execution, construction and effect).
Finally, we reject Polakoff's argument that Joseph was adjudicated guilty for purposes of section 903.31 when the court accepted her guilty plea and entered a finding of guilt. The First District Court of Appeal recently rejected a similar argument in Battles v. State, 595 So.2d 183, 185 (Fla. 1st DCA 1992). Confronted with a similar set of facts, the First District looked to the plain meaning of section 903.31 to conclude, as we have, that the entry of judgment is a predicate to satisfaction of an appearance bond. 595 So.2d at 185. The trial court in Battles had accepted the defendant's nolo contendere plea, withheld judgment pending a presentence investigation, and scheduled a date for sentencing. When the defendant failed to appear for sentencing, the court ordered estreature of the defendant's bond. After concluding that entry of judgment was necessary to satisfy the conditions of a bond under section 903.31, the First District held that an acceptance and entry of a nolo contendere plea is not tantamount to a judgment for such purposes. Id. We agree with the First District, and hold that an appearance bond is not satisfied when a court accepts a plea of guilty or nolo contendere, and enters a finding of guilt, but withholds adjudication and continues the case for sentencing until the completion of a presentence investigation. Rather, a judgment must be entered before the conditions of an appearance bond are satisfied under section 903.31.
Accordingly, the decision below is approved.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.