PETERSON, Chief Judge.
Rosenberg Bail Bonds (Rosenberg) appeals the denial of its motions to discharge a surety bond issued by it and to remit the forfeiture of the bond. We reverse.
The state filed an information against a defendant on April 1, 1993, charging him with battery on a pregnant person. The defendant was arrested on May 4, 1993, and Rosenberg provided a $10,000 bond for the defendant’s release. Later, the defendant was accepted into a pretrial intervention program with the condition that, if he failed to meet the objectives of the program, his case would be re-evaluated. The defendant failed to respond to two letters setting and resetting appointments during his required participation in the program, and a trial on the original charges was set for May 16, 1994. Notices of trial were sent to the state, to defense counsel, and, pursuant to Rosenberg’s instructions, to C.E. Parrish Bail Bonds. When the defendant failed to appear for trial, a capias was issued and the bond estreated.
The defendant was re-arrested on July 14, 1994, and, on September 30,1994, Rosenberg filed its motion for “discharge ... & ... refund,” and its amended motion for remission of forfeiture. The trial court denied the motions and Rosenberg filed this appeal.
Rosenberg contends that its obligation to insure the defendant’s appearance was discharged once the defendant was accepted into the pretrial intervention program. Pretrial intervention programs are provided for in Chapter 948, Probation and Community Control:
948.08 Pretrial intervention program
(1) The department shall supervise pretrial intervention programs for persons charged with a erime, before or after any information has been filed or an indictment has been returned in the circuit court. Such programs shall provide appropriate counseling, education, supervision, and medical and psychological treatment as available and when appropriate for the persons released to such programs.
Rosenberg claims that his responsibility was discharged pursuant to section 903.31, Florida Statutes (1993):
903.31 Cancelling the bond.
Within 10 business days after the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled and, if the surety has attached a certificate of cancellation to the original bond, shall furnish an executed certificate of caneeEation to the surety without cost. An adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond. The original appearance bond shall not be construed to guarantee deferred sentences, appearance during or after a presentenee *1390 investigation, appearance during or after appeals, conduct during or appearance after admission to a pretrial intervention program, payment of fines, or attendance at educational or rehabilitation facilities the court otherwise provides in the judgment.
Rosenberg emphasizes the following language of the statute: “The original appearance bond shall not be construed to guarantee ... conduct or appearance after admission to a pretrial intervention program....” The county argues that Rosenberg quotes this language with the hope that this court will ignore case law in which courts “simply refuse to adhere to [Rosenberg’s] literal reading” of the statute.
The 1970 version of section 903.31 read as follows:
When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled. Conviction or acquittal of the defendant will satisfy a bond unless the court otherwise provides in the judgment.
The 1970 Legislative Committee comment to this section provides:
The proposed section makes conviction or acquittal satisfaction of all undertakings rather than limiting it to those written by bondsmen. There is no apparent reason for this limitation and the right of the court to provide otherwise protects against any unusual situations that might arise.
Ch. 70-339, § 36, Laws of Fla.
In Accredited Surety and Casualty Company v. State, 318 So.2d 554 (Fla. 1st DCA 1975), the court construed the 1970 version of the statute and affirmed an order denying a motion to set aside a bond forfeiture where the defendant pleaded guilty to a charge, but where the court deferred sentencing pending a presentence investigation, and did not enter judgment. On appeal, based on the current use of the term “conviction,” the court held that entry of a plea was not a conviction for purposes of the statute.
Perhaps in response to Accredited Surety, in 1980 the legislature inartfully amended section 903.31 as follows:
903.31 Cancelling the bond. — When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled. An adjudication of guilt or innocence Conviction or acquittal of the defendant shall wiü satisfy the conditions of the bond. The original appearance bond shall not be construed to guarantee deferred sentences, payment of fines, or attendance at educational or rehabilitative facilities a bond unless the court otherwise provides in the judgment.
Ch. 80-230, § 6, Laws of Fla. The phrase following the stricken word “unless” does not make sense. Perhaps the legislature mistakenly struck the word “unless,” or perhaps it neglected to delete the rest of the phrase.
In American Druggists’ Insurance Co. v. State, 410 So.2d 627 (Fla. 2d DCA 1982), the defendant pleaded nolo contendere, and the court withheld adjudication and ordered a presentence investigation. The defendant failed to appear for sentencing, and the bonding company claimed the bonds were discharged by virtue of the following language on the faces of the bonds: “This bond not valid for presentence investigation unless authorized by surety.” Id. at 627. On appeal the court noted the 1970 and 1980 versions of the statute, the latter of which applied, and construed the 1980 statute to mean that a bond is automatically discharged only when there is an adjudication of either guilt or innocence. Id. at 628.
In 1986, the legislature again amended the statute to add the language emphasized below:
903.31 Canceling the bond. — When the conditions of a bond have been satisfied or the forfeiture discharged or remitted, the court shall order the bond canceled. An adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond. The original appearance bond shall not be construed to guarantee deferred sentences, appearance during or after a presentence investigation, appearance during or after appeals, conduct during or appearance after admission to a pretrial intervention program, payment of fines, or attendance at education or reha *1391 bilitation facilities the court otherwise provides in the judgment.
Ch. 80-151, § 12. Additional changes have been made that are not material to the instant ease, and the statute now reads as set forth at the beginning of this opinion.
In State v. Fisher, 578 So.2d 746 (Fla. 2d DCA 1991), the court held that American Druggists’ and Accredited Surety survived the 1986 amendment. In Fisher, adjudication was withheld pending sentencing. No presentence investigation was ordered because there was an agreed-upon sentence as part of a plea bargain. The defendant did not appear for sentencing, but the lower court determined that the defendant had received a “deferred sentence” and set aside the estreature. On appeal, the court stated that the defendant had not received a “deferred sentence”; rather, the court held, the sentencing had been deferred. The court held that, since there had been no adjudication of guilt, or sentence imposed, the bond was subject to estreature.
Fisher was followed in Battles v. State, 595 So.2d 183 (Fla. 1st DCA 1992). The trial court accepted a nolo contendere plea and ordered a presentence investigation, and the defendant did not appear for sentencing. The bond itself provided that it was not valid for a presentence investigation, and the bondsman relied on the bond and the statute in arguing that its bond did not guarantee the defendant’s appearance at a presentence investigation, pretrial intervention program, or appearance for appeal. The Battles court quoted the last sentence of the statute (using an ellipses where the word “unless” was formerly located) and stated, “Thus, even though the statute has been amended, the entry of judgment is still required as a predicate to satisfaction of the bail bond.”
The Battles court would not construe the statute in accord with the senate staff analysis of the 1986 amendment: “This bill would not allow the original bond to be used as a guarantee for appearance for a presentence investigation, a pretrial intervention program, or appearance for appeal....” because it considered the language of the statute clearly to require a judgment before a bond is discharged. Id. at 185. The dissent argued that the plain language of the statute provided that original appearance bonds did not guarantee appearance during or after a presentence investigation.
Battles was followed in AAA Bail Bonds, Inc. v. State, 611 So.2d 612 (Fla. 4th DCA 1993), and by this court in Polakoff Bail Bonds, Inc. v. Orange County, 617 So.2d 378 (Fla. 5th DCA 1993). This court certified the question whether a bond is satisfied where the trial court accepts a guilty plea and enters a finding of guilt, but continues the case for sentencing. The supreme court stated it agreed with this court’s holding that:
because there had been no adjudication of guilt, no imposition of sentence, and no final judgment or order entered concerning the disposition of Joseph’s criminal charges, the bonds had not been satisfied and were subject to estreature for Joseph’s failure to appear for sentencing.
Polakoff Bail Bonds, Inc. v. Orange County, 634 So.2d 1083 (Fla.1994) (quoting Polakoff, 617 So.2d at 379).
The' supreme court held that the second sentence of the statute makes clear that the conditions of the bond shall be satisfied upon an adjudication of guilt or innocence. Id. at 1084. “In equally plain language,” the court stated, “the third sentence of the statute provides that the original appearance bond shall not guarantee an appearance during or after, among other things, a presentence investigation ‘the court otherwise provides in the judgment.’ ” Id. at 1084-1085 (quoting § 903.31). The court read this to mean, in the context of a presentenee investigation, that, “unless the trial court adjudicates a defendant guilty and provides for the presen-tence investigation within the judgment, the bond is not satisfied_” Id. at 1085.
The 1986 amendment, together with the case law and the mangled language of the 1980 amendment, make the statute difficult to construe. On the one hand the statute requires an adjudication for discharge of the bond, but, on the other hand, the statute provides that the original bond does not guarantee appearance after the defendant is accepted in a pretrial intervention program. Since the point of a pretrial intervention *1392 program is to try to avoid an adjudication, it becomes questionable whether, under the statute, an adjudication is required in every instance to discharge a bond.
Although the supreme court in Polakoff agreed with this court’s statement that the bond was not discharged because there had been no order disposing of the criminal charges, the court arguably limited its holding to “the context of a presentence investigation.” Id. at 1085; but see id. (“Rather, a judgment must be entered before the conditions of an appearance bond are satisfied under section 908.31”). Further, because the supreme court has not ruled on the precise issue raised in this appeal, and because there is never an adjudication of guilt or innocence before a defendant is accepted into a pretrial intervention program, we believe that the' legislature must have intended, in eases involving pretrial intervention, an exception to the general rule requiring an adjudication for discharge of a bond.
We hold that section 903.31 reheves a surety’s obligation upon a defendant’s admission to a pretrial intervention program. The 1986 amendment to the statute, which added the provision regarding pretrial intervention, also added the provision that the original bond does not guarantee appearance during or after a presentence investigation. The supreme court held that the latter provision is applicable only where a judgment is entered and the judgment provides for the presentence investigation. Polakoff. Although, ordinarily, similar provisions in an amendment might be construed in a similar fashion, the provision regarding pretrial intervention cannot be construed to require a judgment because there is never an adjudication of guilt or innocence that places a defendant in a pretrial intervention program. Based on the statute, then, Rosenberg’s obligation terminated when the defendant was accepted into the pretrial intervention program.
The order denying Rosenberg’s motions is reversed because Rosenberg’s obligation was discharged when the defendant was accepted into the pretrial intervention program. We remand with instructions to the trial court to order the refund of the amount forfeited. In view of this ruling, it is not necessary to decide the other issues raised by Rosenberg.
REVERSED AND REMANDED.
W. SHARP and HARRIS, JJ., concur.