GROSS, J.
In April, 2000, Terry Gore pled guilty to trafficking in cocaine. He entered into a substantial assistance agreement with the state. The agreement specified that Gore agreed “to waive his right to be present at sentencing and [agreed] to be sentenced to the maximum sentence of 30 years if he fail[ed] to appear for sentencing.”
As part of the plea arrangement, the judge reduced bond to $30,000. Appellee B & B Bail Bonds posted a $30,000 appearance bond for Gore.
Gore did not appear at the scheduled sentencing hearing on July 18, 2000. The court continued the case until the next day. On July 19, Gore again failed to appear. The court estreated the bond and ordered a no bond capias to issue. Court recessed until the afternoon.
Once court reconvened, the state asked that Gore be sentenced in absentia pursuant to the substantial assistance agreement. The court listened to a tape of Gore entering into the agreement, on which Gore orally agreed to be sentenced in ab-sentia within a range of 15 to 30 years if he did not show up for the sentencing hearing. The court noted that Gore initialed the paragraph in the written agreement acquiescing to a sentence in absentia.
The court was unsure of the effect of an in absentia sentencing on the bond he had estreated. The state requested that sentencing proceed. Over the objection of Gore’s attorney, the court.sentenced Gore to 30 years in prison, with credit for 544 days of time served.
On August 24, 2000, B & B Bail Bonds moved to vacate the bond estreature and discharge the surety. B & B argued that the judgment and sentence of Gore satisfied the conditions of the bond, making a bond forfeiture inappropriate. The court granted the motion, vacated the bond es-treature, and discharged the surety. Bro-ward County timely appealed the order.
The April, 2000, appearance bond amounted to a commitment by B & B to ensure that Gore appeared at his sentencing hearing. Section 903.045, Florida Statutes (2000), declares the public policy that a criminal surety bail bond executed by a licensed agent in connection with pretrial release of a criminal defendant
shall be construed as a commitment by and an obligation upon the bail bond agent to ensure that the defendant appears at all subsequent criminal proceedings and otherwise fulfills all conditions of the bond.
In a prosecution for a felony such as drug trafficking, imposition of sentence is an essential part of a criminal prosecution at which a defendant shall be present. See Fla. R.Crim. P. 3.180(a)(9).
When Gore failed to appear for sentencing on July 19, the court properly forfeited the bond. See AAA Bail Bonds, Inc. v. State, 611 So.2d 612, 613 (Fla. 4th DCA 1993)(holding that condition for forfeiture met when defendant entered plea of no contest, case passed for sentencing and adjudication, and defendant failed to appear for sentencing); State v. Fisher, 578 So.2d 746, 747 (Fla. 2d DCA 1991)(holding that bond estreature proper when defendant entered plea of guilty, sentencing continued to a later date, and defendant did not appear for sentencing). *1226 As section 903.26(2)(b), Florida Statutes (2000), provides, “[fjailure of the defendant to appear at the time, date, and place of required appearance shall result in forfeiture of the bond.” Under these circumstances, the clerk must “automatically” enter the forfeiture “upon such failure to appear.” Id.
Contrary to B & B’s argument, the condition of the bond was not satisfied when the court adjudicated Gore and sentenced him in absentia. Section 903.31(1), Florida Statutes (2000), provides that “[a]n adjudication of guilt or innocence of the defendant shall satisfy the conditions of the bond.” However, the last sentence of that subsection declares that “[tjhis subsection does not apply to cases in which a bond has been declared forfeited.” Id. By its terms, section 903.31(1) does not apply to this case because the bond was forfeited as a result of Gore’s failure to appear before the sentencing occurred.
We reject B & B’s argument that Gore’s failure to appear at sentencing was not a violation of his bond conditions. B & B reasons that the sentencing hearing was not a required appearance in light of the agreement that Gore could be sentenced in absentia to the maximum sentence if he chose not to attend the hearing. An implied condition of the substantial assistance agreement was that Gore would be present at the sentencing hearing to begin serving his sentence. The mandatory minimum sentence Gore could have received was 15 years. The provision allowing sentencing in absentia was meant not to authorize Gore’s absence, but to encourage his appearance by authorizing the imposition of the maximum sentence if he failed to appear.
Upon review of the record, we do not find that the prosecutor waived the County’s right to appeal the order vacating the bond estreature.
The order vacating the bond estreature and discharging the surety is reversed.
POLEN, C.J., and TAYLOR, J., concur.